UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------X
                              :
UNITED STATES                 :    No. 3:20MJ00347(SALM)
                              :
v.                            :
                              :
SOLIMAR RODRIGUEZ GONZALEZ    :    June 15, 2020
                              :
------------------------------X
```

### ORDER RE: MOTION TO DISMISS

Defendant Solimar Rodriguez Gonzalez ("defendant" or "Gonzalez") has moved to dismiss the Complaint filed in this matter. The motion was made orally, during the preliminary hearing conducted on May 28, 2020. See Doc. #29. The parties were granted leave to file post-hearing briefing,[1] which has now been received. See Docs. #33, #34, #35. For the reasons set forth herein, defendant's motion to dismiss [**Doc. #29**] is **DENIED**.

Gonzalez was arrested on April 9, 2020, pursuant to a criminal complaint. The Complaint as prepared by the government sought to charge Gonzalez with five counts of Hobbs Act robbery. See Doc. #1 at 1. After review of the Complaint and Affidavit, the undersigned concluded:

---

[1] The briefing also discusses defendant's motion for disclosure of drafts and communications relating to the affidavit underlying the criminal complaint. See Doc. #30. The Court will address that motion in a separate order.

1

> The Court finds probable cause based on the Affidavit to issue a Complaint charging defendant with two counts of Hobbs Act Robbery, arising out of incidents in Vernon, on March 18, 2020, and in Waterbury, on March 22, 2020. The Court does not find probable cause to charge the remaining three robberies against this defendant at this time based solely on the Affidavit.

Doc. #1 at 1. At the outset of the preliminary hearing, the Court inquired of the government whether it was proceeding on a theory that Gonzalez had committed the substantive offense of Hobbs Act Robbery, or on some other theory. Counsel for the government stated that the government was proceeding on an aiding and abetting theory. At that time, defendant moved to dismiss the Complaint, arguing that the government's failure to cite 18 U.S.C. §2, or to expressly assert an aiding and abetting theory in the Complaint, is fatal to the validity of the Complaint. The Court took defendant's motion to dismiss under advisement.

Defendant argues that the Complaint must be dismissed because "there was no prior notice" to defendant that she was being charged under an aiding and abetting theory. Doc. #34 at 4. Defendant further argues that, even if the Complaint is permitted to proceed on an aiding and abetting theory, the evidence presented was not sufficient to meet the probable cause standard because it does not "adequately support the conclusion that Ms. Gonzalez knew of each crime to occur or that she acted with the intent to contribute to their success." Id. at 5.

2

Defendant also raises the possibility that, to the extent the evidence did support such a conclusion, she might not have acted of her own free will, but rather may have been coerced to assist her co-defendant, Mr. Lopez, with the robberies. See id. at 5-6.

The government argues that "[a] criminal complaint need not include 18 U.S.C. §2 as a listed offense or make specific reference to a theory of aiding and abetting." Doc. #33 at 2. The government relies on case law finding that such specific charging information need not be included in an indictment. See id. at 3-4. The government further contends that the affidavit "provides adequate notice of an aiding and abetting theory as it relates to" Gonzalez, and that the "verbal notice" provided by the government at the outset of the preliminary hearing was sufficient. Id. at 4.

I. **Failure to Expressly Charge Aiding & Abetting**

A charging document is not required to cite 18 U.S.C. §2 expressly, nor to specifically state that the government is proceeding on a theory of aiding and abetting. See, e.g., United States v. Goldberg, 756 F.2d 949, 957 (2d Cir. 1985) ("[T]he indictment, although it did not mention 18 U.S.C. §2, the aiding and abetting section, adequately set forth factual allegations which, if proven, would allow the jury to find that defendants had conspired to aid and abet" the substantive offense.); United States v. Bommarito, 524 F.2d 140, 145 (2d Cir. 1975); United

3

States v. Tropiano, 418 F.2d 1069, 1083-84 (2d Cir. 1969); United States v. Corbett, No. 3:10CR00028(CFD), 2011 WL 2144659, at *4 n.11 (D. Conn. May 31, 2011), aff'd, 750 F.3d 245 (2d Cir. 2014).

No express mention of aiding and abetting need be made in a charging document because the "federal aiding and abetting statute, 18 U.S.C. §2, does not penalize conduct apart from the substantive crime with which it is coupled." United States v. Mucciante, 21 F.3d 1228, 1234 (2d Cir. 1994). See also United States v. Perry, 643 F.2d 38, 45 (2d Cir. 1981) ("18 U.S.C. [§]2 does not create a separate crime."); United States v. Oates, 560 F.2d 45, 54 (2d Cir. 1977) ("[A]iding and abetting does not constitute a discrete criminal offense but only serves as a more particularized way of identifying the persons involved in the commission of the substantive offense, and serves to describe how those person(s) involved committed the substantive offense." (citation and quotation marks omitted)); United States v. Campbell, 426 F.2d 547, 553 (2d Cir. 1970) ("18 U.S.C. §2 does not define a crime; rather it makes punishable as a principal one who aids or abets the commission of a substantive crime.").

The key question for the Court is whether a defendant is adequately placed on notice of the charges against her, where aiding and abetting is not expressly alleged. A charging document "need not specifically allege a violation of §2 for

4

an aiding-and-abetting theory to be submitted to the jury, <u>so long as there is no unfair surprise to the defendant</u>." <u>United States v. Mayo</u>, 14 F.3d 128, 132-33 (2d Cir. 1994) (emphasis added). Here, there was no unfair surprise.

It is plain from the allegations of the Complaint and Affidavit that the theory under which Gonzalez is charged is one of aiding and abetting. There is no claim that Gonzalez was in the store at the time of either robbery. There is no allegation that she used or threatened force, or that she took any property from the person of another. Rather, the government's theory is that she assisted Lopez in committing the robberies by "casing" the stores shortly before he robbed them. <u>See</u>, <u>e.g.</u>, Doc. #1-1 at 6 ("Video surveillance from the [Vernon] gas station also showed that, approximately 30 minutes before the robbery, a Hispanic woman, believed to be GONZALEZ, entered the gas station to pay for gasoline in cash."); <u>id.</u> at 9 ("Video surveillance, from the [Waterbury] gas station also showed that approximately 15 minutes before the robbery, a Hispanic woman, believed to be GONZALEZ, had entered the gas station to pay for gasoline in cash[.]"); <u>id.</u> at 22 ("I believe ROSARIO LOPEZ to be the masked male who committed the Hobbs Act robberies[.] I also believe GONZALEZ to be the sandal-wearing woman depicted just prior to the Vernon and Waterbury robberies ... who I believe was

5

'casing' the locations."). This theory is described in so many words in the Affidavit:

> Here, I believe, based on my training and experience that the sandal-wearing woman, believed to be GONZALEZ as described below, is acting as a lookout or "casing" robbery locations for the masked male, believed to be ROSARIO LOPEZ[.] Specifically, she is depicted on video surveillance before the Vernon and Waterbury gas station robberies. In advance of many commercial robberies, based on my training and experience, co-conspirators may work as a team where one individual observes or "cases" a target location prior to the robbery.

Doc. #1-1 at 12. While the words "aiding and abetting" are not used, and the statute 18 U.S.C. §2 is not cited, the theory of prosecution is clear.

There is case law suggesting that even last-minute notice of the intent to pursue a theory of aiding and abetting is sufficient to avoid unfair surprise to a defendant. See, e.g., United States v. Smith, 727 F.2d 214, 218 (2d Cir. 1984) (finding no unfair surprise where "government gave timely notice that it might seek the aiding and abetting charge[]" only after the government rested and the defense opened its case); Corbett, 2011 WL 2144659, at *4 n.11 (finding no "unfair surprise" where defendant "was provided notice on the first day of trial, prior to the Government beginning its case[]" of aiding and abetting theory of prosecution). Under this case law, even the government's revelation -- in response to the Court's pointed inquiry -- at the outset of the preliminary hearing might be

6

sufficient to constitute reasonable notice. A close reading of these cases, however, suggests that in fact the timing of the formal "notice" made by the government was not the deciding factor; rather, circumstances suggested that the defendant was aware of the likelihood that such a theory would be pursued. See Smith, 727 F.2d at 218 (explaining that defendant's own theory of defense was that another person committed the actual criminal acts, and thus "it was his litigation posture which prompted" an aiding and abetting instruction); Corbett, 2011 WL 2144659, at *4 n.11 (observing that there was no unfair surprise to defendant because he "was sufficiently aware of the core criminality to be proven at trial" (citations and quotation marks omitted)). The undersigned does not agree with the government that "verbal notice of an aiding and abetting theory" at the outset of the preliminary hearing, Doc. #33 at 4, would, on its own, be sufficient to avoid unfair prejudice to the defendant. Here, however, as discussed above, defendant had ample notice of the nature of the claims against her based on the Affidavit filed more than six weeks before the preliminary hearing was conducted.

It is undoubtedly "preferable that the" government expressly "charge a violation of 18 U.S.C. §2 if the prosecution intends to proceed on a theory of aiding and abetting[.]" United States v. Taylor, 464 F.2d 240, 242 n.1 (2d Cir. 1972). There is

7

no good reason why that was not done in this case. No new information emerged after the drafting of the Affidavit that would have shifted the government's theory of prosecution. To the contrary, it has been clear from the beginning that the government does not believe that Gonzalez actually committed the substantive offense of Hobbs Act Robbery. The government should have expressly charged Gonzalez with aiding and abetting. Its failure to do so, however, is not fatal. Gonzalez had more than adequate notice of the charges against her. Accordingly, the motion to dismiss [**Doc. #29**] on the grounds that aiding and abetting should have been expressly charged is **DENIED.**

**II.  Sufficiency of the Evidence**

Defendant also contends that the evidence produced during the preliminary hearing was insufficient to meet the probable cause standard. See Doc. #34 at 5-6. The Court disagrees.

The evidence included video surveillance showing a person believed to be Gonzalez entering the Vernon and Waterbury stores shortly before the robberies occurred. See Doc. #1-1 at 7, 9. While defendant contends that the delay between Gonzalez leaving each store and the robbery occurring, a delay of 15 to 30 minutes, suggests that she was not in fact "casing" the stores, the Court does not find this delay significant.

Ample evidence was presented supporting a conclusion that Gonzalez was the person depicted in the surveillance videos. The

8

Court had previously found probable cause to charge Lopez with the Vernon and Waterbury robberies, see United States v. William Rosario Lopez, 3:20MJ00346(SALM), Doc. #17 (Apr. 23, 2020), and substantial evidence demonstrated Gonzalez was traveling and/or living with Lopez during the relevant time period. Evidence was also received, based on video surveillance and on Gonzalez's own post-arrest statements, indicating that Lopez returned to the car in which Gonzalez and Lopez were travelling and/or living after at least some of the alleged robberies. See Doc. #1-1 at 6, 8, 11.

Defendant's argument is, essentially, that the evidence presented could have an innocent explanation, that Gonzalez may not have been aware of what Lopez was doing, and that even if she was, she could have been acting under duress.[2] That may all be true, in which case the government would not be able to meet its burden of proof beyond a reasonable doubt at trial. At this stage, however, the standard is probable cause.

Probable cause is a relatively "low standard" of proof. United States v. DiNapoli, 8 F.3d 909, 915 (2d Cir. 1993). It has been described as a "relaxed standard" based on a "common-

---

[2] The Court notes that duress is an affirmative defense as to which a defendant bears the burden of proof. See, e.g., United States v. Zayac, 765 F.3d 112, 120 (2d Cir. 2014).

9

sense test[.]" United States v. Martin, 426 F.3d 68, 76 (2d Cir. 2005) (citations and quotation marks omitted).

> [P]robable cause requires only a probability or substantial chance of criminal activity, not an actual showing of such activity. By hypothesis, therefore, innocent behavior frequently will provide the basis for a showing of probable cause; to require otherwise would be to sub silentio impose a drastically more rigorous definition of probable cause than the security of our citizens demands.

Illinois v. Gates, 462 U.S. 213, 245 n. 13 (1983). The probable cause standard is met easily here, as described above. The government has not produced evidence proving conclusively that Gonzalez intended to assist Lopez in committing robberies; but they have no obligation to do so at this stage. The evidence shows a substantial likelihood that Gonzalez was aware that Lopez was committing robberies, and that she acted with the intent to assist him. Accordingly, the motion to dismiss [**Doc. #29**] on the ground that the evidence is insufficient is **DENIED.**

It is so ordered, at New Haven, Connecticut, this 15th day of June, 2020.

                                       /s/
                                 HON. SARAH A. L. MERRIAM
                                 UNITED STATES MAGISTRATE JUDGE